JUSTICE LEMONS,
with whom JUSTICE KOONTZ and JUSTICE KINSER join, dissenting.
Because I believe that the circuit court has subject matter jurisdiction over this controversy, I respectfully dissent.
The majority opinion holds that the circuit court would have jurisdiction over this action brought by the Attorney General if the entity involved were a trust rather than a corporation. However, it is the nature of the claim not the form of the entity involved in the claim that is dispositive. The public interest in the proper disposition of charitable assets is the same irrespective of the form of the entity entrusted with the assets. Furthermore, we have previously stated that a charitable corporation in this context is, essentially, a trust. Finally, while the State Corporation Commission may have jurisdiction over some of the claims in this action, its jurisdiction is not exclusive.
In Tauber v. Commonwealth, 255 Va. 445, 499 S.E.2d 839 (1998), we stated in broad terms the authority of the Attorney General to proceed in precisely the manner chosen in this case. Although the Tauber case involved the assets of a dissolved corporation, we stated the holding in terms of the nature of the claim rather than the form of the entity: “This court long ago recognized the common law authority of the Attorney General to act on behalf of the public in matters involving charitable assets.” Id. at 451, 499 S.E.2d at 842.
The reason for such broad language is found in the cases cited by the Court in Tauber. In Hanshaw v. Day, 202 Va. 818, 120 S.E.2d 460 (1961), the Court noted:
*166 The corporation was organized for charitable or benevolent or literary purposes. Contributions made to it and the assets realized therefrom were dedicated to those purposes and stamped with a public interest by the charter, the laws of this State, sound reason and public policy. The members acquired no property rights in, nor were they equitably entitled to such assets, either during the lifetime of the corporation or upon dissolution. To hold otherwise would convert the public nature and purpose of the corporation into a vehicle for the personal pecuniary gain of the members.
Id. at 824, 120 S.E.2d at 464, quoted with approval in Tauber, 255 Va. at 455, 499 S.E.2d at 845.
Also cited favorably by the Court in Tauber was the prior decision in Clark v. Oliver, 91 Va. 421, 22 S.E. 175 (1895). In that case dealing with funds diverted from one charitable cause to another charitable cause, we rejected a claim by a contributor and stated:
[W]hatever jurisdiction is thereafter entertained by the courts with respect to the disposition and control of this fund, must be called into active exercise either by the Attorney General, acting upon behalf of the public, or by the trustees charged with its custody and administration, or by some person having a beneficial interest in the object of the trust.
Clark, 91 Va. at 427-28, 22 S.E. at 177.
The majority opinion states that Code § 55-532 authorized the Attorney General to exercise his common law and statutory authority regarding certain nonprofit health care entities and further states that “no such specific power has been granted by the legislature regarding nonprofit corporations devoted to charitable purposes.” The interpretation misreads the plain import of the statute. The common law right of the Attorney General to act in matters involving charitable assets is so well accepted that the General Assembly recognized the right when it enacted Code § 55-532 concerning the disposition of assets by certain nonprofit health care entities. 1997 Va. Acts ch. 615. In the section involving notice of intent to dispose of assets, the statute provides in part: “The notice shall be given at least sixty days in advance of the effective date of such proposed transaction in order that the Attorney General may exercise his common law and statutory authority over the activities of these organizations.” Far from limiting the Attorney General’s rights, this statute refers to and *167 affirms the broad power of the Attorney General irrespective of the form of the entity. Certainly, such a construction of the statute is required by the language of Code § 1-10 which provides: “The common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly.” Although the General Assembly may abrogate the common law, its intent to do so must be plainly manifested. Wackwitz v. Roy, 244 Va. 60, 65, 418 S.E.2d 861, 864 (1992). The language of Code § 55-532 does not plainly manifest an intent to abrogate the common law. To the contrary, it refers to and affirms the broad powers of the Attorney General at common law to act in matters relating to the disposition of charitable assets irrespective of the form in which they are held.
Additionally, we have recognized that legislative enactments concerning director liability do not abrogate common law duties of the director. See Simmons v. Miller, 261 Va. 561, 577, 544 S.E.2d 666, 676 (2001); Willard v. Moneta Building Supply, Inc., 258 Va. 140, 151, 515 S.E.2d 277, 284 (1999). Considering Code § 1-10 and the Court’s holdings in Miller and Willard, and the plain meaning of the language of § 55-532, it is clear that the General Assembly did not intend § 55-532 to be limiting in nature.
The majority opinion limits the subject matter jurisdiction of the circuit court to the disposition of charitable assets held in the particular form of a trust. Rejecting the Attorney General’s assertion that a nonstock corporation devoted to charitable purposes is essentially a charitable trust, the majority states that: “No direct authority is cited for this proposition and we have found none.” Apparently, the majority has failed to recall the following statement of the law of the Commonwealth in Tauber: “Under Maryland law, property of a charitable corporation is held in trust for the public. Inasmuch Gospel Mission, Inc. v. Mercantile Trust Co. of Baltimore, 40 A.2d 506, 510 (Md. 1945). Virginia law is the same.” Tauber, 255 Va. at 455, 499 S.E.2d at 845.
Additionally, the majority holds that Code § 13.1-813 provides exclusive jurisdiction in the State Corporation Commission over the claims involved in this case. The cited provision states as follows:
No court within or without Virginia, except the Supreme Court by way of appeal as authorized by law, shall have jurisdiction to review, reverse, correct or annul any action of the Commis *168 sion, within the scope of its authority, with regard to any articles, certificate, order, objection or petition, or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the Commission in the performance of its official duties.
Code § 13.1-813.
The plain language of this statute neither establishes the Commission’s jurisdiction over the claims in this case nor divests the circuit court of its common law jurisdiction. The statute by its terms prevents any other court, except the Supreme Court upon appellate review, from altering action the Commission has taken. If the Commission has jurisdiction over the claims in this case, it is concurrent with the circuit court.
The circuit court has subject matter jurisdiction over matters pertaining to charitable assets, and the Attorney General has standing to seek judicial intervention to protect the public’s interest. Code § 17.1-513 grants the circuit court jurisdiction over chancery matters. Code § 8.01-620 gives the circuit court jurisdiction to grant injunctive relief. It is unnecessary in this dissent to address whether each form of relief requested by the Attorney General is authorized by law.
The majority holds that the trial court did not err in its determination that it did not have subject matter jurisdiction over this controversy. I disagree and respectfully dissent.